# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3618

_____

United States of America,                  *
                                           *
                    Appellee,              *     Appeal from the United States
                                           *     District Court for the Western
        v.                                 *     District of Arkansas.
                                           *
Terry Davis, True Name:  Terre             *           [UNPUBLISHED]
Devon Davis,                               *
                                           *
                    Appellant.             *

_____

Submitted:  March 26, 2001

Filed:  April 3, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

After undercover police officers purchased drugs from Terry Davis and his cohorts, Davis was convicted of distributing crack cocaine and sentenced to 240 months in prison.  Davis raises three issues on appeal.  The applicable legal principles are well-established, so we will not discuss them at length.  First, Davis asserts the district court committed plain error in conducting all or part of the voir dire while he was absent from the courtroom.  Davis concedes the trial record does not indicate his absence during voir dire or jury empanelment, however, and even if Davis left the

courtroom at some point, his voluntary departure waived his right to be present during all stages of trial. Second, Davis contends the district court committed clear error in imputing certain amounts of crack cocaine to him. According to Davis, he should not have been held responsible for amounts that were delivered by coconspirators, even though the coconspirators testified they obtained the drugs from Davis. The credibility of the coconspirators' testimony was for the district court to decide, and Davis was properly held responsible for all reasonably foreseeable quantities of contraband within the scope of his jointly undertaken criminal activity as specified in the presentence report. Last, Davis asserts the district court should have allowed a defense witness to take the stand, even though the witness said he would invoke the Fifth Amendment. The district court did not abuse its discretion in refusing to allow the witness to invoke the Fifth Amendment in the jury's presence. We thus affirm Davis's conviction and sentence.[*]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.